[Crim. 23630, S.F. 24864. June 3, 1985.]

In re KEITH WATSON, a Certified Shorthand Reporter, Respondent.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL WAYNE HUNTER, Defendant and Appellant.

COUNSEL

Theo Karen Nelson and Hart & Nelson for Respondent.

OPINION

**THE COURT.—**

On February 1, 1985, this court issued an order directing Keith Watson, a certified shorthand reporter, to show cause why he should not be declared not competent to act as an official reporter in any court. The order was issued as a result of Watson's failure to prepare and deliver to the clerk of the superior court a transcription of his notes of proceedings for the automatic appeal in *People* v. *Michael Wayne Hunter,* Superior Court of San Mateo, No. 11007, as required by California Rules of Court, rule 35(b). (See Code Civ. Proc., § 1209, subd. (a)3; Gov. Code, § 69944; *In re Beam* (1983) 34 Cal.3d 64, 65 [192 Cal.Rptr. 251, 664 P.2d 155], and cases there cited.)

On February 6, 1985, action on the order to show cause was deferred. Watson was ordered to complete and file the transcript on or before March 14, 1985, or to appear before the court on March 20, 1985, if he failed to do so.

Watson did not complete the transcript by March 14th. However, he did appear as required on March 20th. On that date, he submitted a letter to the court describing his progress in the case, stating that he was "substantially on target." Watson made "a firm commitment to have the [complete] transcript on file with the [superior court] clerk . . . on April 29, 1985, or before, if possible." That same day, March 20th, this court ordered Watson to show cause on April 30, 1985, why he should not be held in contempt for failing to comply with this court's previous orders.

Watson did not file any transcripts with the court by his target date of April 29th. He also failed to appear before this court at the set date and

time. He did file most of the transcript with the superior court clerk on April 30th, but two days' worth of proceedings were still outstanding. The hearing on the order to show cause was continued to May 6, 1985, so that it could be heard in conjunction with the court's May calendar.

Prior to that hearing, Watson filed the remaining portion of the transcript. Despite this 11th hour compliance, the court admonished Watson at the hearing for his failure to discharge his duties in a timely fashion and to comply with the court's earlier order to appear. At the hearing, Watson explained that he has not done any court reporting since the first order to show cause issued and has no intention of doing so in the future.

Since Watson has now filed all those portions of the transcript for which he was responsible, the proceedings are technically moot. ■ However, as in *Beam,* this court must reiterate how important it is that court reporters diligently comply with transcript preparation deadlines in the processing of an appeal. Such compliance is particularly critical in capital appeals. Unreasonable delays, such as the one involved in this case, cannot and will not be condoned.

The orders to show cause are discharged, and the proceedings against Watson are dismissed.